**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-5248**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

LARRY DONNELL OWENS,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr.,
District Judge.  (CR-04-276)

———————————

Submitted: May 18, 2006               Decided: May 26, 2006

———————————

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.   Michael Augustus DeFranco, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Larry Donnell Owens appeals from his sentence imposed upon resentencing following his guilty plea to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). The district court had originally sentenced Owens under the mandatory federal sentencing guidelines to 108 months incarceration. We remanded the case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the district court imposed a 100-month sentence. Owens' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the reasonableness of the sentence. Owens was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm.

We find that the district court properly applied the sentencing guidelines and considered the relevant sentencing factors before imposing the 100-month sentence. 18 U.S.C.A. § 3553(a) (West Supp. 2005); see United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, we find that Owens' sentence, which is "with the properly calculated [g]uidelines range," is reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks and citation

- 2 -

omitted), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. April 17, 2006) (No. 05-10474).

As required by <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Owens' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>